Whitaker, Judge,
delivered the opinion of the court:
Plaintiffs, a Philippine corporation, and its president, suing individually, sue for the value of their property- -alleged to have been seized by the United States Army.
Plaintiffs assert that they jointly owned certain machinery, tools, automotive equipment and other parts located on corporate property at Inverness Street, Manila, Philippine Islands, and at Makati, in or near Manila, which was seized and removed therefrom by defendant-on February 13, 1946. They allege that defendant also seized all their bills of sale, receipts, invoices, and other evidence of ownership of the. property, and, hence, that they cannot state with particularity the materials seized, nor the quantities owned by each of them.
The petition having been filed pursuant to Eule 13, a motion for call was made requesting an inventory of the property and records seized. It was allowed by order of the court on March 7, 1952. Defendant has partially answered the motion by producing an inventory of the goods seized at Makati, but has not produced a list of the records allegedly seized.
Defendant admits the seizure but says that plaintiffs did not own the property seized, but that it was Government property which plaintiffs had unlawfully obtained from it. In support of this allegation, it submits copies of statements, and affidavits, which indicate that one Ealph W. Dempsey, while general manager and second vice president of the plaintiff corporation, had illegally obtained some of the Government property after separation from the Army in the Philippines and while on terminal leave, and had turned it *239 over to plaintiff corporation; that the said Dempsey pleaded guilty to charges of illegal acquisition and possession of Government property, and that he was convicted by court martial and sentenced to dismissal, forfeiture of pay and allowances, and three years at hard labor.
Dempsey’s statement shows that he arranged with friends still in the Army to permit him to take from their commands, or to have delivered to him, supplies and equipment for which they did not think they would be called upon to account. This was done, and the equipment was turned over to plaintiff corporation.
Plaintiffs’ petition alleges that they owned property both on Inverness Street, in the city of Manila, and at a warehouse at Makati, on the outskirts of Manila. The affidavit of Tibbetts, the officer who took the inventory of property at Makati, indicates that it was the property of defendant, but it makes no mention of the property or records at Inverness Street.
These and other documents filed by defendant in support of its motion for summary judgment fail to establish that the Government owned all of the property seized. Defendant, of course, would be liable for the value of any property seized that actually belonged to plaintiffs. Because there is an issue as to whether defendant seized any of plaintiffs’ property, we must deny defendant’s motion for summary judgment.
It is so ordered.
MaddeN, Judge; LittletoN, Judge; and Jones, Chief Judge, concur.
Laramore, Judge, took no part in the consideration and decision of this case.